UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:26-cv-00281

**Izet Becirevic,**
*Plaintiff,*
v.
**Bank of America,**
*Defendant.*

# ORDER

Plaintiff Izet Becirevic, proceeding pro se, filed this consumer credit lawsuit against Bank of America. Doc. 1. Previously, on June 15, 2026, the court adopted the magistrate judge's report and recommendation, dismissed plaintiff's claims without prejudice, and entered final judgment in this matter. Docs. 8, 9. But then on August 31, plaintiff sent a letter to the court indicating that he had not received a copy of the report and thus did not have an opportunity to object. Doc. 10. The clerk confirmed the error and corrected plaintiff's email address. Given the clerical error, the court vacated the final judgment and reopened this case so that plaintiff could file a response to the report and recommendation. Doc. 11. Now pending before the court are plaintiff's objections to the report and recommendation. Doc. 12.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Further, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge

without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Plaintiff objects to the "magistrate judge's finding of fact that Plaintiff failed to respon[d] to defendant['s] Motion to Dismiss and that [the] time frame to respond has passed." Doc. 12 at 2. Plaintiff argues that he did not respond to defendant's motion to dismiss "due to clerical error with Plaintiff['s] email and Plaintiff was not receiving any correspondence from the Court or Defendant." *Id.* Plaintiff repeats this objection, styled as an objection to the magistrate's recommendation that the case be dismissed. *Id.*

While plaintiff is right that they were not receiving notice from the court due to a clerical error, plaintiff does not explain why defendant's service was ineffective. In fact, the clerical error did not affect plaintiff's receipt of defendant's motion to dismiss, as the certificate of service indicates that it was mailed to plaintiff at his mailing address via certified mail (U.S. Certified Mail, Tracking No. 7019 2970 0001 6877 5353). Doc. 5 at 10. Plaintiff does not explain why the clerical error with his email would render defendant's service by certified mail ineffective. Thus, plaintiff has not provided any valid reason for why he did not respond to defendant's motion to dismiss. Accordingly, plaintiff's objection is overruled.

Having reviewed the remainder of the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Defendant's motion to dismiss (Doc. 5) is granted. Any pending motions are denied as moot.

*So ordered by the court on November 12, 2026.*

J. CAMPBELL BARKER
United States District Judge